**COLUMBUS (city), Plaintiff-Appellee v McCRORY, Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3509. Decided November 7th, 1942.

Charles R. Petree, Police Prosecutor, Columbus, for plaintiff-appellee.

David A. Guberman, Columbus, for defendant-appellant.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on question of law from the judgment of the Municipal Court of the City of Columbus, Franklin County, Ohio.

On or about the 17th day of April, 1942, affidavit was filed against the defendant, charging that on said date Rose McCrory

did unlawfully loiter and wander about a public street, to wit, East Cherry and East Main Streets, Columbus, Ohio, without being able to give a reasonable and satisfactory account of herself.

The ordinance under which the affidavit was drawn reads as follows:

"**Section 1183.** Suspicious persons. (1) That any person found loitering about any bar-room, gambling house, pool room, house of ill-fame or gaming device; (2) or found wandering about the streets either by day or by night, without being able to give a reasonable and satisfactory account of himself; (3) and any person who loiters around the Courts of Justice or other public places, for the purpose of soliciting employment of professional services or bondsmen; (4) and any person with opium, opium pipe, cocaine or heroin in his possession; (5) and any person upon whom shall be found any device, instrument or thing used in the commission of burglary, larceny, or other crime, or for picking locks or pockets, or any device, instrument or thing used in obtaining money under false pretenses; (6) and any person who obtains his living by criminal means and practices or who is the companion and associate of criminal or other dissolute persons; and (7) any person who deliberately and unnecessarily crowds and/or jostles passengers on or about to board or leave street cars, railroads, or at railroad stations for the purpose of committing theft, shall be deemed and held to be a suspicious person and on conviction thereof shall be * * *"

A trial was had and defendant convicted. Motion for new trial was filed, overruled and sentence imposed. Within proper time defendant, through her counsel, filed notice of appeal.

In his brief, counsel states that all errors of omission and commission of the trial court are expressly waived except the ruling of the trial court overruling the motion to arrest judgment on the ground that the ordinance above quoted is unconstitutional.

It is urged that conviction under the section constitutes a denial of due process, in violation of Section 1, Article XIV of the Constitution of the United States.

It is further urged that the due process provision of the Constitution imposed upon the state the obligation to so frame its criminal statutes that those to whom they are addressed may know what standard of conduct is intended to be required. Further, that the section of the ordinance called in question is vague and uncertain, providing no definite or readily understood standard and it makes the question of guilt or innocence under it depend on the individual understanding and whim of the various judges and jury members before whom any prosecution under it may chance to be heard.

We are referred to the case of **Welch v The City of Cleveland, 97 Oh St 311.** In this case an ordinance of the City of Cleveland, almost identical with the Columbus ordinance, was challenged as unconstitutional on the ground that it was an exercise of police power beyond the scope of the police power which obtains to cities in Ohio under and by virtue of **Section 26, Article II,** and **3, Article XVIII** of the **Ohio Constitution.** The constitutionality of the ordinance was upheld.

Counsel for appellant in the instant case argues that the Supreme Court did not have under consideration the pertinent sections of the Constitution of the United States, but merely the cited sections of the Constitution of the State of Ohio.

It is unquestionably true that neither the syllabus nor the opinion makes any reference to the Constitution of the United States. We think that the pertinent section of the United States Constitution is so well understood by all lawyers and judges that had it been considered of any force in rendering the Cleveland ordinance unconstitutional, it would have been referred to, whether or not counsel called it to the attention of the court.

The brief of counsel for appellant discloses great research in compiling the decisions of the Supreme Court of the United States involving questions of constitutionality of legislative enactments of different states in claimed violation of Section 1, Article XIV of the U. S. Constitution.

We have examined these several cases, but do not find them helpful in solving the instant case. The provision of the Constitution is very clearly set out and it is always a question to be determined whether under the facts presented the provisions of the section are violated. No case is cited where the facts are similar to the instant case.

It is our conclusion that the ordinance in question is constitutional. Counsel argues that its enforcement depends upon the individual understanding and whim of the various judges and jury members before whom any prosecution chances to be heard. We can not agree with this claim.

Very recently we reversed a Municipal Court on a prosecution under a subdivision of this same section. Our reversal was made on the ground that the facts presented through the evidence did not sustain the charge.

Under the evidence in the instant case we have no difficulty in determining that the evidence supports the charge, even though the only witnesses testifying were the arresting officer on one side and the accused on the other.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs adjudged against the appellant.

GEIGER, PJ., and HORNBECK, J., concur.